# Exhibit A

**STATE OF SOUTH CAROLINA**

**COUNTY OF** Greenville

Ortagus Bunch
**Plaintiff(s)**

vs.

Greenville County Police Sheriff Dept
**Defendant(s)**

)
)
)
)
)
)
)
)
)
)
)
)
)

**IN THE COURT OF COMMON PLEAS**

**CIVIL ACTION COVERSHEET**

2020 CP - 23 - 00057

Paul Wickensimer COC GVL SC
2020 JAN 6 AM 11:58

**Submitted By:** Ortagus Bunch
**Address:** 504 Piedmont Golf Course Rd
Piedmont SC 29673

SC Bar #: _____
Telephone #: 864-346-4185
Fax #: _____
Other: _____
E-mail: _____

NOTE: The coversheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing cases that are NOT E-Filed. It must be filled out completely, signed, and dated. A copy of this coversheet must be served on the defendant(s) along with the Summons and Complaint. **This form is NOT required to be filed in E-Filed Cases.**

## DOCKETING INFORMATION  *(Check all that apply)*

**\*If Action is Judgment/Settlement do not complete**

[✓] **JURY TRIAL** demanded in complaint.   [ ] **NON-JURY TRIAL** demanded in complaint.
[ ] This case is subject to **ARBITRATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
[ ] This case is subject to **MEDIATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
[ ] This case is exempt from ADR. (Proof of ADR/Exemption Attached)

## NATURE OF ACTION *(Check One Box Below)*

| **Contracts** | **Torts - Professional Malpractice** | **Torts – Personal Injury** | **Real Property** |
|---|---|---|---|
| [ ] Constructions (100) | [ ] Dental Malpractice (200) | [ ] Conversion (310) | [ ] Claim & Delivery (400) |
| [ ] Debt Collection (110) | [ ] Legal Malpractice (210) | [ ] Motor Vehicle Accident (320) | [ ] Condemnation (410) |
| [ ] General (130) | [ ] Medical Malpractice (220) | [ ] Premises Liability (330) | [ ] Foreclosure (420) |
| [ ] Breach of Contract (140) | Previous Notice of Intent Case # | [ ] Products Liability (340) | [ ] Mechanic's Lien (430) |
| [ ] Fraud/Bad Faith (150) | 20___-NI-___ | [ ] Personal Injury (350) | [ ] Partition (440) |
| [ ] Failure to Deliver/ | [ ] Notice/ File Med Mal (230) | [ ] Wrongful Death (360) | [ ] Possession (450) |
| Warranty (160) | [ ] Other (299) ___ | [✓] Assault/Battery (370) | [ ] Building Code Violation (460) |
| [ ] Employment Discrim (170) | | [✓] Slander/Libel (380) | [ ] Other (499) ___ |
| [ ] Employment (180) | | [ ] Other (399) **Verified** | |
| [ ] Other (199) ___ | | | |

| **Inmate Petitions** | **Administrative Law/Relief** | **Judgments/Settlements** | **Appeals** |
|---|---|---|---|
| [ ] PCR (500) | [ ] Reinstate Drv. License (800) | [ ] Death Settlement (700) | [ ] Arbitration (900) |
| [ ] Mandamus (520) | [ ] Judicial Review (810) | [ ] Foreign Judgment (710) | [ ] Magistrate-Civil (910) |
| [ ] Habeas Corpus (530) | [ ] Relief (820) | [ ] Magistrate's Judgment (720) | [ ] Magistrate-Criminal (920) |
| [ ] Other (599) ___ | [ ] Permanent Injunction (830) | [ ] Minor Settlement (730) | [ ] Municipal (930) |
| | [ ] Forfeiture-Petition (840) | [ ] Transcript Judgment (740) | [ ] Probate Court (940) |
| | [ ] Forfeiture—Consent Order (850) | [ ] Lis Pendens (750) | [ ] SCDOT (950) |
| | [ ] Other (899) ___ | [ ] Transfer of Structured | [ ] Worker's Comp (960) |
| | | Settlement Payment Rights | [ ] Zoning Board (970) |
| | | Application (760) | [ ] Public Service Comm. (990) |
| | | [ ] Confession of Judgment (770) | [ ] Employment Security Comm (991) |

| **Special/Complex /Other** | | **Judgments/Settlements (cont.)** | **Appeals (cont.)** |
|---|---|---|---|
| [ ] Environmental (600) | [ ] Pharmaceuticals (630) | [ ] Petition for Workers | [ ] Other (999) |
| [ ] Automobile Arb. (610) | [ ] Unfair Trade Practices (640) | Compensation Settlement | |
| [ ] Medical (620) | [ ] Out-of-State Depositions (650) | Approval (780) | |
| [ ] Other (699) ___ | [ ] Motion to Quash Subpoena in | [ ] Incapacitated Adult Settlement | |
| [ ] Sexual Predator (510) | an Out-of-County Action (660) | (790) | |
| [ ] Permanent Restraining Order (680) | [ ] Pre-Suit Discovery (670) | [ ] Other (799) ___ | **ENTERED COMPUTER** |
| [ ] Interpleader (690) | | | |

**Submitting Party Signature:** *Ortagus Bunch*   **Date:** 1.6.20

**Note:** Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

 

**Effective January 1, 2016,** Alternative Dispute Resolution (ADR) is mandatory in all counties, pursuant to Supreme Court Order dated November 12, 2015.

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

**Pursuant to the ADR Rules, you are required to take the following action(s):**

1. The parties shall select a neutral and file a "Proof of ADR" form on or by the 210th day of the filing of this action. If the parties have not selected a neutral within 210 days, the Clerk of Court shall then appoint a primary and secondary mediator from the current roster on a rotating basis from among those mediators agreeing to accept cases in the county in which the action has been filed.

2. The initial ADR conference must be held within 300 days after the filing of the action.

3. Pre-suit medical malpractice mediations required by S.C. Code §15-79-125 shall be held not later than 120 days after all defendants are served with the "Notice of Intent to File Suit" or as the court directs.

4. Cases are exempt from ADR only upon the following grounds:

   a. Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;

   b. Requests for temporary relief;

   c. Appeals

   d. Post Conviction relief matters;

   e. Contempt of Court proceedings;

   f. Forfeiture proceedings brought by governmental entities;

   g. Mortgage foreclosures; and

   h. Cases that have been previously subjected to an ADR conference, unless otherwise required by Rule 3 or by statute.

5. In cases not subject to ADR, the Chief Judge for Administrative Purposes, upon the motion of the court or of any party, may order a case to mediation.

6. Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference has been concluded.

**Please Note:      You must comply with the Supreme Court Rules regarding ADR.
            Failure to do so may affect your case or may result in sanctions.**

STATE OF SOUTH CAROLINA, )

COUNTY OF Greenville )

Ortagus Bennett )
_____
Plaintiff, )

vs. )

Greenville County Police Dept )
Defendant. )

IN THE COURT OF COMMON PLEAS

SUMMONS

FILE NO. 2020 CP-23-00057

TO THE DEFENDANT ABOVE-NAMED:

    YOU ARE HEREBY SUMMONED and required to answer the complaint herein, a copy of which is herewith served upon you, and to serve a copy of your answer to this complaint upon the subscriber, at the address shown below, within thirty (30) days after service hereof, exclusive of the day of such service, and if you fail to answer the complaint, judgment by default will be rendered against you for the relief demanded in the complaint.

Greenville                       , South Carolina

    Ortagus Bennett
_____
Plaintiff/Attorney for Plaintiff

Dated: 1-6-20

Address: 504 Piedmont Golf Course Rd
    Piedmont SC 29673

SCCA 401 (5/02)

Complaint

To Whom It May Concern,

My name is Ortagus Bennett.

On Friday December 20, 2019 I came to Big O Dodge in an attempt to obtain receipt history for my mother's 2006 Chrysler. I was originally speaking to a service advisor in the service lane who was assisting me with my request, then out of nowhere, the service manager Mark approached me in a disrespectful manner and advised the employee to refrain from giving me any paperwork. I explained to Mark that I did not want any problems nor did this matter need to involve him as I was simply requesting the service history on the vehicle.

Mark continued to invade my personal space as well as refuse to assist me. Still at this time, I was advising Mark why I was there and to leave me alone.

After Mark advised the employee to not assist me and the employee followed his demand, Mark then informed me that he was not going to give me any information because I was trying to go around him in an attempt to gather it, so I realized that I wasn't going to receive any help and proceeded to walk away. While walking away, I walked into the office and requested to speak with the owner and advised that he was not in the building but she could assist me. I noticed that Mark followed me into the office area and was even more irate than he was in the service bay.

I continued to express to Mark that I didn't want any problems nor was there a reason for him to keep approaching me and the only thing I was requesting was paperwork which should be entitled to. Mark then stated that it was just like me requesting a receipt from Walmart, without having the original receipt, it wasn't going to happen nor would I receive any information. Thats when I advised Mark that all receipts were already in my possession  and I was requesting the technician's mechanical notes that were not provided. I was advised that the vehicle was not performing due to bent wheels but soon found out that that was not the issue.

Mark still proceeded to invade my personal space and act irate. Then he stated that "that's a black person for you, always wanting something that they are not entitled to" and this was when the incident took place.

I attempted everything in my power to diffuse and avoid the situation but Mark continued to invade my personal space and reaching in and out of his pockets and I felt threatened so I had no choice but to protect myself.

After the incident, other employees grabbed me and I again stated that I didn't want any problems and attempted to explain what happened. Then out of nowhere, another employee took my keys and threw them down the hall. Once I attempted to find my keys and asked why did they throw them, another employee told them to give my keys back. Still during all of this I'm explaining that I didn't want any confrontation.

Mark then got on the phone with someone and advised that I assaulted him and that I had already assaulted someone which is defamation of character because that situation is unknown to Mark. So it's obvious that Mark has prejudged my character based on a situation that he is unknowledgeable about.

I was completely embarrassed of the treatment that I received from Mark and Big O Dodge and I'm certain that this is not how Big O Dodge would like their customers treated.

This is not the first incident that I have encounter with Mark and its obvious that his actions are a form of retaliation. Over the past few months Mark and I appeared in court regarding an incident where my car was not properly cared for and I was awarded judgement. Since that incident, every time that I have attempted to receive service at Big O Dodge, Mark has advised me directly and his technicians that I would not receive any additional service at Big O Dodge.

The service technician, advised me where I could locate service related details on the invoices and stated that any Chrysler dealership could service the car. He also stated that Mark was being an asshole and to look over him. I then took the vehicle to Benson and was advised that the services that were paid for at Big O Dodge were not the issue with the car, the issue was that when the car was raised the fuel line that is connected from the tank to the engine was damaged and unrepairable due to the fact that the part is no longer manufactured.

So basically, I was attempting to gather these documented details to provide to our insurance company.


Regards,

Ortagus Bennett

504 Piedmont Golf Course Rd
Piedmont SC 29673
864 346 4185

EXHIBIT A

January 6,2020

To Whom It May Concern,

On December 20, 2019 an incident involving Big O Dodge's Service Manager Mark Chastain, a few other employees, and myself took place. Although I tried numerous times to avoid communication with Mark because of previous situations that took place at the dealership regarding his unprofessionalism and rude behavior he persistently attempted to engage me in conversation which resulted in him provoking me. Upon arriving at Big O Dodge on this date, I noticed that as I was pulling in the parking lot Mark arrived as well in his pickup truck. Although we both made eye contact with each other, there was no communication exchanged initially. I immediately went to the service department to seek assistance from another employee regarding documents that I was attempting to obtain to provide to my insurance company.

There was a previous incident that took place a few months prior to this when I was attempting to get mechanical work rendered due to warranted work that was already performed. During this incident, Mark Chastain was involved but so was one of the owners, Jake Odum. During this encounter, Jake went to his vehicle and obtained a firearm which was told to me by one of the employees, Jamal Stewart and a few other employees who asked to remain anonymous because they are still employed with Big O Dodge who seen him get the firearm from his vehicle. Jake begin to walk around the dealership with is shirt pulled out of his pants to hide his weapon while before his shirt was tucked in. I was immediately informed of this situation and although Mark had already called the local authority, Mark stated that for me to get any service work performed that I would have to sue Big O Dodge. At this time, I waited on local authorities and provided my side of the story to ensure that it was documented that I was simply trying to request service work.

Mark refused to render any more work and left me with no choice but to file a lawsuit to get the matter rectified. On December 20, 2019 I was unaware that I was able to file a complaint regarding the assault that took place because during this altercation I was assaulted as well. An employee grabbed and pushed me during this altercation. I have also came to this facility at least two prior times and Mark was unprofessional and rude during my visits as well. Although I avoided these incidents and walked away, he still made it a priority to be unprofessional with me which I believe is because I filed suit and was granted judgement regarding a previous matter. He also made it known the date of this incident that I was trying to avoid talking to him directly by going to his employees first. I advised him that I was not trying to avoid him but wanted to avoid any type of confrontation because of his behavior from previous incidents.

Immediately after this incident took place, I contacted my lawyer Culver Kidd and bondsman Sinkler Bonding. My lawyer attempted to speak with the Sherriff's office and warrant department in an effort to get this matter resolved. I then had my fiancé call the owner Jake Odum to gain an understanding of the incident. I also filed a lawsuit and service submission with the Sherriff's office, which you can see in Exhibit A.

I have worked extremely hard to provide jobs and help my community over the past few years, which is a positive reflection of my true character. Just like many, I have faced obstacles in life but have managed to overcome them, which is still a constant challenge. I'm a local native of Greenville, SC who has registered businesses with physical addresses so locating me would be an easy task. My personal phone number is publicly listed with my business and I have resided at the same location for almost 10 years. So when it was brought to the my attention that I was featured on Greenville County Police Department's Facebook page feature for "Fugitive Friday" I was quite baffled. Not only were charges listed that I have not been proven guilty for, there was also mention of previous charges that have been expunged from my record and are also over 15 years old and should not be mentioned at all. Twenty years ago I was a teenager in high school. Honestly, I feel that this was strategically done to damage my reputation and character to potential jurors that could be called to serve in my pending case as well as deny me from bond since I've been classified as a fugitive. The party that is behind this Facebook page is freely posting whatever they want and even making unnecessary jokes about matters that are serious. As a result of this posting and the hurtful, degrading, racial, inappropriate, and misleading comments that were left; I am now sure that my reputation has been damaged. This has also created an opportunity that can benefit the state in their ongoing investigation preventing me from being able to prove my innocence. For any charges from the past that I was ever convicted of, I have paid my debt to society.

I'm suing for no less than $2M in damages for defamation of character, discrimination, slander, and libel. The details that were published to the public via Facebook could potentially caused harm to me and my upcoming case if viewed by the wrong person. There are always two sides to every story and it appears that the Greenville County Police Department has published their falsified details without verifying the factual details of the matter at hand.

My attorney and I have attempted to contact the Greenville County Warrant Division and Sheriff's Office but was unable to have anyone verify that an active warrant existed. Nothing was left at my residence, businesses, nor was there any attempt to contact me directly. However, the GCPD made an effort to turn to social media to make a falsified public story about myself visible to a multitude of people in an effort to damage my character, which is unconstitutional.


Regards,

Ortagus Bennett

STATE OF SOUTH CAROLINA    )    IN THE COURT OF COMMON PLEAS
                           )
COUNTY OF GREENVILLE       )
                           )
                           )
Ortagus Bennett,           )    C. A. NO. 2020-CP-23-0057
                           )
              Plaintiff,   )
                           )
        vs.                )    **AFFIDAVIT OF SERVICE**
                           )
Greenville County Police Department,  )
                           )
              Defendant,   )
                           )

PERSONALLY appeared before me the undersigned, who, being duly sworn, says that (s)he served a **Civil Action Coversheet, Summons, Complaint** and **Exhibit "A"** in the above-entitled matter on Greenville County Police Department by delivery to Sargent Sanders of the Greenville City Police Department, and leaving with him one copy of the same at the following address: 20 McGee Street, Greenville, South Carolina 29601 on the 16th day of April, 2020 at 10:15 a.m. The deponent is not a party to nor interested in this action.

ENTERED COMPUTER

_____
Travis Watson

SWORN to before me this the
20th day of April, 2020.

_____ (LS)
Notary Public for South Carolina
My commission expires: 02/07/2023

STATE OF SOUTH CAROLINA,                  )

COUNTY OF    GREENVILLE                    )          IN THE COURT OF COMMON PLEAS

                                          )
                                          )          CASE NO.:
                                          )
_Ortagus Bennett_                         )
                                          )
_____           )
_____           )
                      Plaintiff(s),       )          _Amended Complaint_
                                          )
vs.                                       )
                                          )
_Greenville City Police Dept_             )
_Greenville County Sheriff Office_        )
_____           )
                      Defendant(s).       )

---

See ATTached

ENTERED COMPUTER

STATE OF SOUTH CAROLINA,                    )          IN THE COURT OF COMMON PLEAS
                                            )
COUNTY OF _Greenville_____                )
                                            )
_Ortagus Bennett_____                    ) _Amended_    SUMMONS
                              Plaintiff,    )
                                            )
vs.                                         )   FILE NO._2020_ -CP-_23_ - _00057_
                                            )
_Greenville City Police Dept._              )
_Greenville County Sheriff office_          )
                              Defendant.    )

TO THE DEFENDANT ABOVE-NAMED:

    YOU ARE HEREBY SUMMONED and required to answer the complaint herein, a copy of
which is herewith served upon you, and to serve a copy of your answer to this complaint upon the
subscriber, at the address shown below, within thirty (30) days after service hereof, exclusive of the
day of such service, and if you fail to answer the complaint, judgment by default will be rendered
against you for the relief demanded in the complaint.


_Greenville_____, South Carolina


                                    _Ortagus Bennett_____
                                          Plaintiff/Attorney for Plaintiff
Dated: _4/21/2020_____


                            Address: _504 Piedmont Golf Course Rd._
                                     _Piedmont S.C 29673_


SCCA 401 (5/02)

 Amended Complaint

January 6,2020

To Whom It May Concern,

On December 20, 2019 an incident involving Big O Dodge's Service Manager Mark Chastain, a few other employees, and myself took place. Although I tried numerous times to avoid communication with Mark because of previous situations that took place at the dealership regarding his unprofessionalism and rude behavior he persistently attempted to engage me in conversation which resulted in him provoking me. Upon arriving at Big O Dodge on this date, I noticed that as I was pulling in the parking lot Mark arrived as well in his pickup truck. Although we both made eye contact with each other, there was no communication exchanged initially. I immediately went to the service department to seek assistance from another employee regarding documents that I was attempting to obtain to provide to my insurance company.

There was a previous incident that took place a few months prior to this when I was attempting to get mechanical work rendered due to warranted work that was already performed. During this incident, Mark Chastain was involved but so was one of the owners, Jake Odum. During this encounter, Jake went to his vehicle and obtained a firearm which was told to me by one of the employees, Jamal Stewart and a few other employees who asked to remain anonymous because they are still employed with Big O Dodge who seen him get the firearm from his vehicle. Jake begin to walk around the dealership with is shirt pulled out of his pants to hide his weapon while before his shirt was tucked in. I was immediately informed of this situation and although Mark had already called the local authority, Mark stated that for me to get any service work performed that I would have to sue Big O Dodge. At this time, I waited on local authorities and provided my side of the story to ensure that it was documented that I was simply trying to request service work.

Mark refused to render any more work and left me with no choice but to file a lawsuit to get the matter rectified. On December 20, 2019 I was unaware that I was able to file a complaint regarding the assault that took place because during this altercation I was assaulted as well. An employee grabbed and pushed me during this altercation. I have also came to this facility at least two prior times and Mark was unprofessional and rude during my visits as well. Although I avoided these incidents and walked away, he still made it a priority to be unprofessional with me which I believe is because I filed suit and was granted judgement regarding a previous matter. He also made it known the date of this incident that I was trying to avoid talking to him directly by going to his employees first. I advised him that I was not trying to avoid him but wanted to avoid any type of confrontation because of his behavior from previous incidents.

Immediately after this incident took place, I contacted my lawyer Culver Kidd and bondsman Sinkler Bonding. My lawyer attempted to speak with the Sherriff's office and warrant department in an effort to get this matter resolved. I then had my fiancé call the owner Jake Odum to gain an understanding of the incident. I also filed a lawsuit and service submission with the Sherriff's office, which you can see in Exhibit A.

 

I have worked extremely hard to provide jobs and help my community over the past few years, which is a positive reflection of my true character. Just like many, I have faced obstacles in life but have managed to overcome them, which is still a constant challenge. I'm a local native of Greenville, SC who has registered businesses with physical addresses so locating me would be an easy task. My personal phone number is publicly listed with my business and I have resided at the same location for almost 10 years. So when it was brought to the my attention that I was featured on Greenville County Police Department's Facebook page feature for "Fugitive Friday" I was quite baffled. Not only were charges listed that I have not been proven guilty for, there was also mention of previous charges that have been expunged from my record and are also over 15 years old and should not be mentioned at all. Twenty years ago I was a teenager in high school. Honestly, I feel that this was strategically done to damage my reputation and character to potential jurors that could be called to serve in my pending case as well as deny me from bond since I've been classified as a fugitive. The party that is behind this Facebook page is freely posting whatever they want and even making unnecessary jokes about matters that are serious. As a result of this posting and the hurtful, degrading, racial, inappropriate, and misleading comments that were left; I am now sure that my reputation has been damaged. This has also created an opportunity that can benefit the state in their ongoing investigation preventing me from being able to prove my innocence. For any charges from the past that I was ever convicted of, I have paid my debt to society.

I'm suing for no less than $2M in damages for defamation of character, discrimination, slander, and libel. The details that were published to the public via Facebook could potentially caused harm to me and my upcoming case if viewed by the wrong person. There are always two sides to every story and it appears that the Greenville County Police Department has published their falsified details without verifying the factual details of the matter at hand.

My attorney and I have attempted to contact the Greenville County Warrant Division and Sheriff's Office but was unable to have anyone verify that an active warrant existed. Nothing was left at my residence, businesses, nor was there any attempt to contact me directly. However, the GCPD made an effort to turn to social media to make a falsified public story about myself visible to a multitude of people in an effort to damage my character, which is unconstitutional.

Regards,

Ortagus Bennett

4/21/2020



EXHIBIT A



Exhibit A

To Whom It May Concern,

My name is Ortagus Bennett.

On Friday December 20, 2019 I came to Big O Dodge in an attempt to obtain receipt history for my mother's 2006 Chrysler. I was originally speaking to a service advisor in the service lane who was assisting me with my request, then out of nowhere, the service manager Mark approached me in a disrespectful manner and advised the employee to refrain from giving me any paperwork. I explained to Mark that I did not want any problems nor did this matter need to involve him as I was simply requesting the service history on the vehicle.

Mark continued to invade my personal space as well as refuse to assist me. Still at this time, I was advising Mark why I was there and to leave me alone.

After Mark advised the employee to not assist me and the employee followed his demand, Mark then informed me that he was not going to give me any information because I was trying to go around him in an attempt to gather it, so I realized that I wasn't going to receive any help and proceeded to walk away. While walking away, I walked into the office and requested to speak with the owner and advised that he was not in the building but she could assist me. I noticed that Mark followed me into the office area and was even more irate than he was in the service bay.

I continued to express to Mark that I didn't want any problems nor was there a reason for him to keep approaching me and the only thing I was requesting was paperwork which should be entitled to. Mark then stated that it was just like me requesting a receipt from Walmart, without having the original receipt, it wasn't going to happen nor would I receive any information. Thats when I advised Mark that all receipts were already in my possession and I was requesting the technician's mechanical notes that were not provided. I was advised that the vehicle was not performing due to bent wheels but soon found out that that was not the issue.

Mark still proceeded to invade my personal space and act irate. Then he stated that "that's a black person for you, always wanting something that they are not entitled to" and this was when the incident took place.

I attempted everything in my power to diffuse and avoid the situation but Mark continued to invade my personal space and reaching in and out of his pockets and I felt threatened so I had no choice but to protect myself.

After the incident, other employees grabbed me and I again stated that I didn't want any problems and attempted to explain what happened. Then out of nowhere, another employee took my keys and threw them down the hall. Once I attempted to find my keys and asked why did they throw them, another employee told them to give my keys back. Still during all of this I'm explaining that I didn't want any confrontation.

 

Mark then got on the phone with someone and advised that I assaulted him and that I had already assaulted someone which is defamation of character because that situation is unknown to Mark. So it's obvious that Mark has prejudged my character based on a situation that he is unknowledgeable about.

I was completely embarrassed of the treatment that I received from Mark and Big O Dodge and I'm certain that this is not how Big O Dodge would like their customers treated.

This is not the first incident that I have encounter with Mark and its obvious that his actions are a form of retaliation. Over the past few months Mark and I appeared in court regarding an incident where my car was not properly cared for and I was awarded judgement. Since that incident, every time that I have attempted to receive service at Big O Dodge, Mark has advised me directly and his technicians that I would not receive any additional service at Big O Dodge.

The service technician, advised me where I could locate service related details on the invoices and stated that any Chrysler dealership could service the car. He also stated that Mark was being an asshole and to look over him. I then took the vehicle to Benson and was advised that the services that were paid for at Big O Dodge were not the issue with the car, the issue was that when the car was raised the fuel line that is connected from the tank to the engine was damaged and unrepairable due to the fact that the part is no longer manufactured.

So basically, I was attempting to gather these documented details to provide to our insurance company.


Regards,

Ortagus Bennett

504 Piedmont Golf Course Rd
Piedmont SC 29673
864 346 4185

ELECTRONICALLY FILED - 2020 May 07 12:20 PM - GREENVILLE - COMMON PLEAS - CASE#2020CP2300057

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| | THIRTEENTH JUDICIAL CIRCUIT |
| COUNTY OF GREENVILLE | |
| | C.A. No.  2020-CP-23-00057 |
| Ortagus Bennett, | |
| Plaintiff, | **NOTICE OF MOTION AND MOTION** |
| | **TO DISMISS** |
| vs. | |
| Greenville City Police Department, and Greenville County Sheriff's Office, | |
| Defendants. | |

**TO:   PLAINTIFF ORTAGUS BENNETT, *PRO SE***

YOU WILL PLEASE TAKE NOTICE, that the defendant, incorrectly identified by the amended complaint as the "Greenville City Police Department" and properly identified as the City of Greenville (hereinafter, the "City"), will move at a date and time to be set by the Court, pursuant to Rule 12 of the *South Carolina Rules of Civil Procedure*, for an order dismissing the amended complaint with prejudice.  This motion is based upon the following grounds:

1.     The plaintiff has failed to serve the amended summons and complaint upon the City in accordance with Rule 4, SCRCP, therefore the amended complaint should be dismissed under Rule 12(b)(5), SCRCP;

2.     The plaintiff has failed to state facts sufficient to constitute a cause of action pursuant to Rule 12(b)(6);

3.     The plaintiff has failed to allege facts showing which, if any, of the City's statements defamed the plaintiff or that any statements allegedly made by the City communicated a false, defamatory meaning as to the plaintiff;

4.     Any allegedly defamatory statement made by the City was privileged; and

ELECTRONICALLY FILED - 2020 May 07 12:20 PM - GREENVILLE - COMMON PLEAS - CASE#2020CP2300057

5.      Defendant is entitled to an order dismissing the amended complaint as a matter of law with prejudice.

This motion is based upon the pleadings filed in this action, upon any future memorandum of law submitted by the movant(s), and upon applicable common and statutory law.

Respectfully submitted,

s/Adam C. Bach
Adam C. Bach (S.C. Bar #74885)
R. Hudson Smith (S.C. Bar #101369)
ELLER TONNSEN BACH, LLC
1306 South Church Street
Greenville, SC 29605
Telephone: (864) 236-5013
Facsimile: (864) 312-4191
*abach@etblawfirm.com*
*hsmith@etblawfirm.com*

Attorneys for Defendant City of Greenville

May 7, 2020

Greenville, South Carolina

ELECTRONICALLY FILED - 2020 May 07 3:32 PM - GREENVILLE - COMMON PLEAS - CASE#2020CP2300057

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | THIRTEENTH JUDICIAL CIRCUIT |
| COUNTY OF GREENVILLE ) | |
| ) | C.A. No.  2020-CP-23-00057 |
| Ortagus Bennett, ) | |
| ) | |
| Plaintiff, ) | **CERTIFICATE OF SERVICE** |
| ) | |
| vs. ) | |
| ) | |
| Greenville  City  Police  Department,  and ) | |
| Greenville County Sheriff's Office, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

The undersigned employee of Eller Tonnsen Bach, LLC hereby certifies that the foregoing

**GREENVILLE   CITY   POLICE   DEPARTMENT   AND   GREENVILLE   COUNTY**

**SHERIFF'S OFFICE'S MOTION TO DISMISS** was served upon plaintiff in the above-entitled

action this **7th day of May, 2020** by depositing same in the United States Mail, sufficient postage

affixed thereon, and addressed as follows:

> Ortagus Bennett
> 504 Piedmont Golf Course Road
> Piedmont, SC 29673

_____
Amanda D. Steward, Paralegal

Greenville, SC

ELECTRONICALLY FILED - 2020 May 13 10:51 AM - GREENVILLE - COMMON PLEAS - CASE#2020CP2300057

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | |
| COUNTY OF GREENVILLE | ) | |
| | ) | |
| Ortagus Bennett | ) | C.A. No.: 2020-CP-23-00057 |
| | ) | |
| Plaintiff, | ) | **CERTIFICATE OF SERVICE** |
| | ) | |
| v. | ) | |
| | ) | |
| Greenville City Police Dept. and Greenville | ) | |
| County Sheriff's Office | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The undersigned, Stephanie H. Burton, certifies that she is a member of Gibbes Burton, LLC and that on the 13th day of May 2020, she served a copy of the Motion to Dismiss of Defendant Greenville County Sheriff's Office upon the Plaintiff by depositing in the United States mail, with due and proper postage affixed thereto, a copy of the same addressed as follows:

Mr. Ortagus Bennett
504 Piedmont Golf Course Road
Piedmont, SC 29673

s/Stephanie H. Burton

1

ELECTRONICALLY FILED - 2020 May 13 10:51 AM - GREENVILLE - COMMON PLEAS - CASE#2020CP2300057

STATE OF SOUTH CAROLINA  )  IN THE COURT OF COMMON PLEAS
            )
COUNTY OF GREENVILLE   )

Ortagus Bennett       )  C.A. No.: 2020-CP-23-00057
            )
     Plaintiff,   )  **MOTION TO DISMISS OF**
            )  **DEFENDANT GREENVILLE**
v.            )  **COUNTY SHERIFF'S OFFICE**
            )
Greenville City Police Dept. and Greenville )
County Sheriff's Office     )
            )
     Defendants.  )
_____ )

To:  Plaintiff Ortagus Bennett, *Pro Se*:

Defendant Greenville County Sheriff's Office moves the Court for an order dismissing Plaintiff's claims against it as a matter of law pursuant to Rule 12(b)(6) of the South Carolina Rules of Civil Procedure.  This motion is made upon the following grounds:

1. Plaintiff's complaint fails to state facts sufficient to constitute a cause of action against Defendant Greenville County Sheriff's Office.

2. The South Carolina Tort Claims Act, §15-78-10 et seq., bars Plaintiff's claims against Defendant Greenville County Sheriff's Office.

3. Plaintiff fails to allege sufficient facts to support his allegations that the Greenville County Sheriff's Office made a false and defamatory statement relating to Plaintiff and published any such statement to any third party.

4. To the extent that Plaintiff's Complaint purports to assert any claim for discrimination, it is legally deficient.

ELECTRONICALLY FILED - 2020 May 13 10:51 AM - GREENVILLE - COMMON PLEAS - CASE#2020CP2300057

5.     Defendant Greenville County Sheriff's Office is entitled to an Order of this Court dismissing Plaintiff's claims against Defendant Greenville County Sheriff's Office as a matter of law.

This motion is based upon the pleadings filed in this action and applicable common and statutory law.

s/Stephanie H. Burton
Stephanie H. Burton (#13089)
Gibbes Burton, LLC
308 East St. John Street
Spartanburg, SC 29302
sburton@gibbesburton.com
Telephone: 864-327-5000
Facsimile: 864-342-6884

*Attorneys for Defendant Greenville County Sheriff's Office*

May 13, 2020
Spartanburg, South Carolina

STATE OF SOUTH CAROLINA

COUNTY OF GREENVILLE

IN THE COURT OF COMMON PLEAS

Ortagus Bennett

Motion for Continuance

CA NO.: 2020-CP-23-00057

                Plaintiff,

   vs.

Greenville City Police Department, and
Greenville County Sheriff's Office,
              Defendant,

To Whom it May Concern,

I would like to request a continuance for 180 days for the referenced case number due to unavailability to obtain counsel due to COVID-19. I was unable to request an extension because documents needed to be filed in order to request an extension.

There is still pending information related to this case that has not been provided.

Please note that a copy of this request has been sent to:

- njcoord@greenvillecounty.org
- abach@etblawfirm.com
- hsmith@etblawfirm.com
- Hard copy hand delivered to the Clerk of Court

Signed,

*Ortagus Bennett*  6-3-20

Ortagus Bennett, Plaintiff
      Pro Se
504 Piedmont Golf Course Rd
Piedmont, SC 29673
(864) 346-4185

ELECTRONICALLY FILED - 2020 Jun 04 8:20 AM - GREENVILLE - COMMON PLEAS - CASE#2020CP2300057

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | THIRTEENTH JUDICIAL CIRCUIT |
| COUNTY OF GREENVILLE | ) | |
| | ) | C.A. No.  2020-CP-23-00057 |
| Ortagus Bennett, | ) | |
| | ) | |
| Plaintiff, | ) | **CERTIFICATE OF SERVICE** |
| | ) | |
| vs. | ) | |
| | ) | |
| Greenville City Police Department, and | ) | |
| Greenville County Sheriff's Office, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The undersigned employee of Eller Tonnsen Bach, LLC hereby certifies that the foregoing **LETTER NOTICING HEARING ON MOTION TO DISMISS** was served upon plaintiff in the above-entitled action this **4th day of June, 2020** by depositing same in the United States Mail, sufficient postage affixed thereon, and addressed as follows:

Ortagus Bennett
504 Piedmont Golf Course Road
Piedmont, SC 29673

Amanda D. Steward, Paralegal

Greenville, SC

Page 1 of 1

ELECTRONICALLY FILED - 2020 Jun 10 2:29 PM - GREENVILLE - COMMON PLEAS - CASE#2020CP2300057

| | |
|---|---|
| STATE OF SOUTH CAROLINA | ) IN THE COURT OF COMMON PLEAS |
| | ) THIRTEENTH JUDICIAL CIRCUIT |
| COUNTY OF GREENVILLE | ) |
| | ) C.A. No. 2020-CP-23-00057 |
| Ortagus Bennett, | ) |
| | ) |
| Plaintiff, | ) **CERTIFICATE OF SERVICE** |
| | ) |
| vs. | ) |
| | ) |
| Greenville City Police Department, and | ) |
| Greenville County Sheriff's Office, | ) |
| | ) |
| Defendants. | ) |
| | ) |

The undersigned employee of Eller Tonnsen Bach, LLC hereby certifies that the foregoing **LETTER NOTICING HEARING ON MOTION TO DISMISS** was served upon plaintiff in the above-entitled action this **10th day of June, 2020** by depositing same in the United States Mail, sufficient postage affixed thereon, and addressed as follows:

Ortagus Bennett
504 Piedmont Golf Course Road
Piedmont, SC 29673

Amanda D. Steward, Paralegal

Greenville, SC

STATE OF SOUTH CAROLINA                    IN THE COURT OF COMMON PLEAS
COUNTY OF GREENVILLE

                                           Motion for Dismissal Without Prejudice 40 J

Ortagus Bennett

                                           CA NO.: 2020-CP-23-00057

                    Plaintiff,
      vs.
Greenville City Police Department, and
Greenville County Sheriff's Office,
             Defendant,

To Whom it May Concern,

Please consider this notification as a letter to dismiss the above case without prejudice. Due to the
current climate and availability for legal assistance due to the nature of work that must be conducted to
complete this lawsuit additional time is needed to find the proper representation. Once legal
representation is obtained in this matter, all proper parties will be notified. This will also provide
assurance that the statute of limitations does not run its course.

Respectfully,

*Ortagus Bennett*

Ortagus Bennett, Plaintiff
        Pro Se
504 Piedmont Golf Course Rd
Piedmont, SC 29673
(864) 346-4185

STATE OF SOUTH CAROLINA )  IN THE COURT OF COMMON PLEAS
)  13th JUDICIAL CIRCUIT
COUNTY OF  Greenville )
)  CASE NO.: 2020 -CP- 23 - 0 0057
)
Ortagus D Bennett )
Plaintiff. )  MOTION AND ORDER INFORMATION
vs. )  FORM AND COVERSHEET
)
Greenville City Police Department )
ETAL Defendant. )

| Plaintiff's ~~Attorney~~ Pro Se | Defendant's Attorney: |
|---|---|
| _____, Bar No. _____ | _____, Bar No_____ |
| Address: 504 Piedmont Golf Crouse RD Piedmont SC | Address: |
| Phone: 864-346-4185 Fax | Phone: _____ Fax_____ |
| E-mail:_____ Other:_____ | E-mail:_____ Other:_____ |

☒ **MOTION HEARING REQUESTED (attach written motion and complete SECTIONS I and III)**
☐ **FORM MOTION, NO HEARING REQUESTED (complete SECTIONS II and III)**
☐ **PROPOSED ORDER/CONSENT ORDER (complete SECTIONS II and III)**

**SECTION I: Hearing Information**

Nature of Motion:  Motion to Dismiss 40(J)
Estimated Time Needed: _____  Court Reporter Needed: ☐ YES ☐ NO

**SECTION II: Motion/Order Type**

☒ Written motion attached
☐ Form Motion/Order
   I hereby move for relief or action by the court as set forth in the attached proposed order.

Ortagus Bennett _____, 20____
Signature of Attorney for ☐ Plaintiff / ☐ Defendant    Date submitted

**SECTION III: Motion Fee**

☒ PAID – AMOUNT: $ 25.00
☐ EXEMPT:        ☐ Rule to Show Cause in Child or Spousal Support
  (check reason)   ☐ Domestic Abuse or Abuse and Neglect
            ☐ Indigent Status  ☐ State Agency v. Indigent Party
            ☐ Sexually Violent Predator Act  ☐ Post-Conviction Relief
            ☐ Motion for Stay in Bankruptcy
            ☐ Motion for Publication  ☐ Motion for Execution (Rule 69, SCRCP)
            ☐ Proposed order submitted at request of the court; or,
              reduced to writing from motion made in open court per judge's instructions
              Name of Court Reporter: _____
            ☐ Other: _____

**JUDGE'S SECTION**

☐ Motion Fee to be paid upon filing of the attached order.    JUDGE CODE _____
☐ Other: _____    Date: _____, 20____

**CLERK'S VERIFICATION**

Collected by:  CJN _____    Date Filed: _____, 20____

☐ MOTION FEE COLLECTED: $ 25.00
☐ CONTESTED – AMOUNT DUE: $ _____

SCCA 233 (11/2003)

**FORM 4**

| | |
|---|---|
| STATE OF SOUTH CAROLINA | **JUDGMENT IN A CIVIL CASE** |
| COUNTY OF  Greenville | |
| IN THE COURT OF COMMON PLEAS | **CASE NO.**  2020CP2300057 |

| | |
|---|---|
| Ortagus Bennett | Greenville County Police Department et al |
| PLAINTIFF(S) | DEFENDANT(S) |

**DISPOSITION TYPE (CHECK ONE)**

☐ **JURY VERDICT**. This action came before the court for a trial by jury.  The issues have been tried and a verdict rendered.

☑ **DECISION BY THE COURT**.  This action came to trial or hearing before the court. The issues have been tried or heard and a decision rendered.

☐ **ACTION DISMISSED** (*CHECK REASON*): ☐ Rule 12(b), SCRCP; ☐ Rule 41(a), SCRCP (Vol. Nonsuit); ☐ Rule 43(k), SCRCP (Settled);
☐ Other

☐ **ACTION STRICKEN** (*CHECK REASON*): ☐ Rule 40(j), SCRCP; ☐ Bankruptcy;
☐ Binding arbitration, subject to right to restore to confirm, vacate or modify arbitration award;
☐ Other

☐ **STAYED DUE TO BANKRUPTCY**

☐ **DISPOSITION OF APPEAL TO THE CIRCUIT COURT** (*CHECK APPLICABLE BOX*):
☐ Affirmed; ☐ Reversed; ☐ Remanded;
☐ Other

NOTE:    ATTORNEYS   ARE   RESPONSIBLE   FOR   NOTIFYING   LOWER   COURT,   TRIBUNAL,   OR ADMINISTRATIVE AGENCY OF THE CIRCUIT COURT RULING IN THIS APPEAL.

**IT IS ORDERED AND ADJUDGED:** ☐ See attached order (formal order to follow) ☑ Statement of Judgment by the Court:

> This matter comes before the Court pursuant to Plaintiff's Motion for Continuance. Plaintiff's Continuance is granted.  No further continuances will be granted by the Court.

**ORDER INFORMATION**

This order ☐ ends ☑ does not end the case.          ☐ See Page 2 for additional information.

## For Clerk of Court Office Use Only

This judgment was electronically entered by the Clerk of Court as reflected on the Electronic Time Stamp, and a copy mailed first class to any party not proceeding in the Electronic Filing System on  12/05/2020 .

> Greenville City Police Dept
> Ortagus Bennett for Ortagus Bennett
> Ortagus Bennett for Ortagus Bennett

**NAMES OF TRADITIONAL FILERS SERVED BY MAIL**

SCRCP Form 4CE (08/31/2017)                                                    Page 1 of 2

ELECTRONICALLY FILED - 2020 Dec 07 10:42 AM - GREENVILLE - COMMON PLEAS - CASE#2020CP2300057

ELECTRONICALLY FILED - 2020 Dec 07 10:42 AM - GREENVILLE - COMMON PLEAS - CASE#2020CP2300057

**Court Reporter:**

**E-Filing Note:  The date of Entry of Judgment is the same date as reflected on the Electronic File Stamp and the clerk's entering of the date of judgment above is not required in those counties. The clerk will mail a copy of the judgment to parties who are not E-Filers or who are appearing pro se. See Rule 77(d), SCRCP.**

ELECTRONICALLY FILED - 2020 Dec 07 10:42 AM - GREENVILLE - COMMON PLEAS - CASE#2020CP2300057



Greenville Common Pleas

**Case Caption:**    Ortagus  Bennett  vs.   Greenville County Police Department  ,
                     defendant, et al

**Case Number:**    2020CP2300057

**Type:**    Order/Electronic Form 4

Circuit Court Judge

s/Donald B. Hocker, Judge Code 2167

Electronically signed on 2020-12-05 10:28:23    page 3 of 3

2020CP230005**7**/02000/02001/02097
57

# TURNER LAW, LLC

PO Box 210638

Columbia, SC 29221

Telephone: (803) 467-8687

aturner@turnerlawsc.com

Facsimile: (803) 271-0451

Dear Sir or Madam,

Please except this correspondence as confirmation that Ortagus Bennett has recently consulted with me regarding representation in a matter currently pending before this Court.  I have tentatively agreed to provide representation pending, inter alia, the grant of a continuance in the matter in order to allow me adequate time for preparation.   It is my understanding that Mr. Bennett is currently proceeding pro se in the matter and that he has filed a motion requesting a continuance of hearing currently scheduled for February 2, 2021.

Please feel free to contact me directly in the event you have questions or concerns.

Sincerely,

/s/Adrianne L. Turner

Bar #6840

January 22, 2021

## Knox, Shawn

| | |
|---|---|
| **From:** | Ritchie, Virginia |
| **Sent:** | Friday, January 22, 2021 1:23 PM |
| **To:** | Knox, Shawn |
| **Subject:** | Fw: 2020CP2300057 / 2020CP2302000 / 2020CP2302001 / 2020CP2302097 Ortagus Bennett |
| **Attachments:** | Letter re representation pending continuance O Bennett.pdf |

Shawn

Can you upload this to the files? Bennett is not going to come in and file since he claims he is suffering the after affects of Covid. I will forward to Judge Gravely to consider along with his request for a continuance.

Ginger

---

**From:** Ortagus Bennett <tay.5star.ent@gmail.com>
**Sent:** Friday, January 22, 2021 12:40 PM
**To:** Ritchie, Virginia
**Subject:** Re: 2020CP2300057 / 2020CP2302000 / 2020CP2302001 / 2020CP2302097 Ortagus Bennett

**CAUTION: This email is from an EXTERNAL source. Ensure you trust this sender before clicking on any links or attachments.**

Virginia,

Will you please add the attached document to my files as well as provide this to the judge?

Thanks,
Ortagus

On Wed, Jan 20, 2021 at 2:53 PM Ortagus Bennett <tay.5star.ent@gmail.com> wrote:
Virginia,

Please review the attached notice regarding virtual appearance.

Thanks,
Ortagus

On Mon, Jan 4, 2021 at 3:04 PM Ritchie, Virginia <VRitchie@greenvillecounty.org> wrote:

Mr. Bennett

1

Judge Gravely has reviewed your request and stated that unless you can provide doctors note that states that you cannot participate in a Webex virtual hearing then the hearings will proceed forward as scheduled.

Ginger Ritchie

Non-Jury/Motions Coordinator

Greenville County Clerk of Court

Ph  (864) 467-8546

Fax (864) 467-8519

e-mail:  njcoord@greenvillecounty.org

**From:** Ortagus Bennett <tay.5star.ent@gmail.com>
**Sent:** Tuesday, December 29, 2020 3:46 PM
**To:** Ritchie, Virginia <VRitchie@greenvillecounty.org>
**Subject:** Re: 2020CP2300057 / 2020CP2302000 / 2020CP2302001 / 2020CP2302097 Ortagus Bennett

CAUTION: This email is from an EXTERNAL source. Ensure you trust this sender before clicking on any links or attachments.

Virginia,

Thanks for the update.

I did request a jury trial for all cases but unsure of the status. At this time, with the way I'm feeling I'm not prepared for attendance rather it be virtually or in person. The same reason my cases were postponed is due to medical reasons which I'm unfortunately still experiencing.

I would also like to know why are all cases scheduled to be heard on the same day?

Thanks,

Ortagus

On Tue, Dec 29, 2020 at 1:54 PM Ritchie, Virginia <VRitchie@greenvillecounty.org> wrote:

Mr. Bennett

-

Thank you for your email. I can assure you that the courts have not been shutdown. Jury trials are the only thing that have been postponed. The motions in the above-referenced cases were rescheduled for February 2, 2021 at 9:30. Pursuant to Judge Hocker's 12/7/20 Order stated "No further continuances will be granted by the Court.". If all parties consent the motions can be heard virtually? Please let me know if this is how you wish to proceed?

-

**Ginger Ritchie**

Non-Jury/Motions Coordinator

Greenville County Clerk of Court

Ph  (864) 467-8546

Fax (864) 467-8519

e-mail:  njcoord@greenvillecounty.org

-

-

-

**From:** Ortagus Bennett <tay.5star.ent@gmail.com>
**Sent:** Wednesday, December 23, 2020 11:54 AM
**To:** dhockeric@sccourts.org
**Cc:** Ritchie, Virginia <VRitchie@greenvillecounty.org>
**Subject:** 2020CP2300057 / 2020CP2302000 / 2020CP2302001 / 2020CP2302097 Ortagus Bennett

CAUTION: This email is from an EXTERNAL source. Ensure you trust this sender before clicking on any links or attachments.

All,

I was advised that the courts have been shutdown have postponed scheduled hearings until further notice.

I was also advised by my doctor that although I'm still having COVID symptoms, I need to wait for 3 months to receive another test.

Can you confirm is the above cases have been scheduled until further notice?

Thanks,

Ortagus

CONFIDENTIALITY NOTICE: *This e-mail and any files transmitted with it are confidential and may contain information which is legally privileged or otherwise exempt from disclosure. They are intended solely for the use of the individual or entity to whom this e-mail is addressed. If you are not one of the named recipients or otherwise have reason to believe that you have received this message in error, please immediately notify the sender and delete this message immediately from your computer. Any other use, retention, dissemination, forwarding, printing, or copying of this e-mail is strictly prohibited.*

CONFIDENTIALITY NOTICE: *This e-mail and any files transmitted with it are confidential and may contain information which is legally privileged or otherwise exempt from disclosure. They are intended solely for the use of the individual or entity to whom this e-mail is addressed. If you are not one of the named recipients or otherwise have reason to believe that you have received this message in error, please immediately notify the sender and delete this message immediately from your computer. Any other use, retention, dissemination, forwarding, printing, or copying of this e-mail is strictly prohibited.*

**FORM 4**

| | |
|---|---|
| **STATE OF SOUTH CAROLINA**<br>**COUNTY OF GREENVILLE**<br>**IN THE COURT OF COMMON PLEAS** | **JUDGMENT IN A CIVIL CASE**<br><br>**CASE NO. 2020 CP-23-00057** |

ORTAGUS BENNETT

GREENVILLE COUNTY POLICE DEPARTMENT ET, AL.

PLAINTIFF(S)

DEFENDANT(S)

| | |
|---|---|
| **Submitted by:** | **Attorney for :** ☐ Plaintiff ☐ Defendant<br>or<br>☐ Self-Represented Litigant |

## DISPOSITION TYPE (CHECK ONE)

☐ **JURY VERDICT**. This action came before the court for a trial by jury. The issues have been tried and a verdict rendered.

☒ **DECISION BY THE COURT.** This action came to trial or hearing before the court. The issues have been tried or heard and a decision rendered. ☐ See Page 2 for additional information.

☐ **ACTION DISMISSED** (*CHECK REASON*): ☐ Rule 12(b), SCRCP; ☐ Rule 41(a), SCRCP (Vol. Nonsuit); ☐ Rule 43(k), SCRCP (Settled); ☐ Other

☐ **ACTION STRICKEN** (*CHECK REASON*): ☐ Rule 40(j), SCRCP; ☐ Bankruptcy; ☐ Binding arbitration, subject to right to restore to confirm, vacate or modify arbitration award; ☐ Other

☐ **STAYED DUE TO BANKRUPTCY**

☐ **DISPOSITION OF APPEAL TO THE CIRCUIT COURT** (*CHECK APPLICABLE BOX*): ☐ Affirmed; ☐ Reversed; ☐ Remanded; ☐ Other

NOTE: ATTORNEYS ARE RESPONSIBLE FOR NOTIFYING LOWER COURT, TRIBUNAL, OR ADMINISTRATIVE AGENCY OF THE CIRCUIT COURT RULING IN THIS APPEAL.

**IT IS ORDERED AND ADJUDGED:** ☐ See attached order (formal order to follow) ☒ Statement of Judgment by the Court:

### ORDER INFORMATION

**PLAINTIFF MOTION TO DISMISS PURSUANT TO 40J IS WITHDRAWN.**

**DEFENDANT GREENVILLE COUNTY SHERIFF'S OFFICE MOTION TO DISMISS IS GRANTED WITHOUT PREJUDICE. PLAINTIFF'S CLAIMS ARE AGAINST THE GREENVILLE CITY POLICE DEPARTMENT. THE PLAINTIFF SHALL HAVE THIRTY (30) DAYS TO FILE AMENDED COMPLAINT. MR. BACH TO PREPARE A FORMAL ORDER.**

This order ☐ ends ☒ does not end the case.

| INFORMATION FOR THE JUDGMENT INDEX | | |
|---|---|---|
| **Complete this section below when the judgment affects title to real or personal property or if any amount should be enrolled. If there is no judgment information, indicate "N/A" in one of the boxes below.** | | |
| **Judgment in Favor of**<br>**(List name(s) below)** | **Judgment Against**<br>**(List name(s) below)** | **Judgment Amount To be Enrolled**<br>**(List amount(s) below)** |
| | | $ |
| | | $ |
| | | $ |
| If applicable, describe the property, including tax map information and address, referenced in the order: | | |

The judgment information above has been provided by the submitting party. Disputes concerning the amounts contained in this form may be addressed by way of motion pursuant to the SC Rules of Civil Procedure. Amounts to be computed such as interest or additional taxable costs not available at the time the form and final order are submitted to the judge may be provided to the clerk. **Note:** Title abstractors and researchers should refer to the official court order for judgment details.
**E-Filing Note: In E-Filing counties, the Court will electronically sign this form using a separate electronic signature page.**

SCRCP Form 4C (02/2017)

Page 1 of 4

ELECTRONICALLY FILED - 2021 Mar 26 10:39 AM - GREENVILLE - COMMON PLEAS - CASE#2020CP2300057

ELECTRONICALLY FILED - 2021 Mar 26 10:39 AM - GREENVILLE - COMMON PLEAS - CASE#2020CP2300057

2155

**Circuit Court Judge**           **Judge Code**        **Date**

## For Clerk of Court Office Use Only

This judgment was entered on the      day of        , 20     and a copy mailed first class or placed in the appropriate attorney's box on this      day of      , 20     to attorneys of record or to parties (when appearing pro se) as follows:

**ATTORNEY(S) FOR THE PLAINTIFF(S)**        **ATTORNEY(S) FOR THE DEFENDANT(S)**

**CLERK OF COURT**

## Court Reporter:

**E-Filing Note:  In E-Filing counties, the date of Entry of Judgment is the same date as reflected on the Electronic File Stamp and the clerk's entering of the date of judgment above is not required in those counties. The clerk will mail a copy of the judgement to parties who are not E-Filers or who are appearing pro se. See Rule 77(d), SCRCP.**

**ADDITIONAL INFORMATION REGARDING DECISION BY THE COURT AS REFERENCED ON PAGE 1**.

This action came to trial or hearing before the court. The issues have been tried or heard and a decision rendered.

ELECTRONICALLY FILED - 2021 Mar 26 10:39 AM - GREENVILLE - COMMON PLEAS - CASE#2020CP2300057



Greenville Common Pleas

**Case Caption:**     Ortagus  Bennett  vs.  Greenville County Police Department  , defendant, et al

**Case Number:**     2020CP2300057

**Type:**     Order/Form 4


S/R. LAWTON McINTOSH

S/R.LAWTON McINTOSH


Electronically signed on 2021-03-26 09:25:00    page 3 of 3

ELECTRONICALLY FILED - 2021 Apr 15 12:02 PM - GREENVILLE - COMMON PLEAS - CASE#2020CP2300057

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | THIRTEENTH JUDICIAL CIRCUIT |
| COUNTY OF GREENVILLE | ) | |
| | ) | C.A. No.  2020-CP-23-00057 |
| Ortagus Bennett, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Greenville City Police Department, and | ) | |
| Greenville County Sheriff's Office, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter came before me for a hearing on the motions to dismiss of the defendants. Present at the hearing on behalf of the Greenville City Police Department (the "City") was Adam C. Bach of Eller Tonnsen Bach, LLC. Present at the hearing on behalf of the plaintiff was attorney Adrianne L. Turner. Present at the hearing on behalf of the Greenville County Sheriff was Larry E. Greg of the Gibbes Burton, LLC law firm.

The City moved to dismiss based on improper service and failure to state a claim. At the hearing, counsel for the plaintiff stated she planned to amend the complaint and would properly serve the amended complaint on the City. Further, counsel for the plaintiff conceded that the plaintiff's claims are properly brought against the City and not against the Greenville County Sheriff.

THEREFORE, IT IS ORDERED, that the Greenville County Sheriff's motion to dismiss is granted and the plaintiff's action against it is dismissed without prejudice.

I FURTHER FIND AND ORDER, that service of the original complaint upon the City was not proper. The plaintiff shall have thirty (30) days from the date of this order to file an amended complaint and properly serve the amended complaint on the City. If the plaintiff fails to do so, that

fact shall be made known to the court and the action against the City shall be dismissed <u>without prejudice</u>.

AND IT IS SO ORDERED

_____
Judge, Thirteenth Judicial Circuit

April 15, 2021

Greenville, South Carolina

ELECTRONICALLY FILED - 2021 Apr 15 12:02 PM - GREENVILLE - COMMON PLEAS - CASE#2020CP2300057

ELECTRONICALLY FILED - 2021 Apr 15 12:02 PM - GREENVILLE - COMMON PLEAS - CASE#2020CP2300057



Greenville Common Pleas

**Case Caption:**   Ortagus  Bennett vs.   Greenville County Police Department ,
                    defendant, et al

**Case Number:**   2020CP2300057

**Type:**   Order/Dismissal


S/R. LAWTON McINTOSH

S/R.LAWTON McINTOSH


Electronically signed on 2021-04-15 11:18:44     page 3 of 3

ELECTRONICALLY FILED - 2021 Apr 20 4:16 PM - GREENVILLE - COMMON PLEAS - CASE#2020CP2300057

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | OF THE 13th JUDICIAL CIRCUIT |
| COUNTY OF GREENVILLE | ) | |
| | ) | |
| Ortagus Bennett, | ) | |
| | ) | |
| Plaintiffs, | ) | **AMENDED SUMMONS** |
| | ) | (Jury Trial Demanded) |
| vs. | | |
| Greenville Police Department | ) | |
| | ) | |
| Defendant(s), | ) | |
| | ) | CASE NO.: 20-CP-23-00057 |
| Defendant. | ) | |
| | ) | |
| | ) | |
| _____ | ) | |

**TO: THE DEFENDANT ABOVE NAMED**:

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, a copy of which is hereby served upon you, and to serve a copy of your Answer to the Complaint upon subscribers at their address at P.O. Box 210638, Columbia, South Carolina 29221, within thirty (30) days after service hereof, exclusive of the day of such service.  If you fail to answer the Complaint within the time aforesaid, the Plaintiff will apply to the Court for the relief demanded in the Complaint.

**NOTICE:**     **If you fail to appear and defend, judgment by default will be rendered against you for the relief demanded in the Complaint.**

Turner Law, LLC

*S. Adrianne L. Turner*

Adrianne L. Turner
P.O. Box 210638
Columbia, S.C. 29221
(803) 467-8687
aturner@turnerlawsc.com
Attorney for Plaintiff

1

ELECTRONICALLY FILED - 2021 Apr 20 4:16 PM - GREENVILLE - COMMON PLEAS - CASE#2020CP2300057

Columbia South Carolina
September 4, 2018

ELECTRONICALLY FILED - 2021 Apr 20 4:16 PM - GREENVILLE - COMMON PLEAS - CASE#2020CP2300057

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | OF THE 13th JUDICIAL CIRCUIT |
| COUNTY OF GREENVILLE | ) | |
| | ) | |
| Ortagus Bennett, | ) | |
| | ) | |
| Plaintiffs, | ) | **AMENDED COMPLAINT** |
| | ) | (Jury Trial Demanded) |
| vs. | | |
| Greenville Police Department | ) | |
| | ) | |
| Defendant(s), | ) | |
| | ) | CASE NO.: 20-CP-23-00057 |
| Defendant. | ) | |
| | ) | |
| | ) | |
| _____ | ) | |

PLAINTIFF, through undersigned attorney, will respectfully show unto this Honorable Court the following:

<u>**JURISDICTION**</u>

1.    Plaintiff, Ortagus Bennett, is a citizen and resident of Greenville County and has been a resident of South Carolina for more than ten (10) years prior to the commencement of this action.

2.    Plaintiff also has several registered businesses in Greenville, including a barber shop and a trucking company.

3.    Defendants, Greenville County Sherriff's Department and Greenville Police Department, are both political subdivisions of governmental agencies, and are appropriate party defendants under state law.  Plaintiff brings these claims pursuant to the South Carolina Tort Claims Act, SC Code Ann. 15-78-100 et seq.

4.    Plaintiff seeks compensatory damages against Defendants, along with any other damages available under the Tort Claims Act.

5.    Venue is properly laid with this court pursuant to SC Code Ann. § 15-7-30.

3

ELECTRONICALLY FILED - 2021 Apr 20 4:16 PM - GREENVILLE - COMMON PLEAS - CASE#2020CP2300057

**FACTS**

6.    All of the facts set forth hereinbelow are upon information and belief of the Plaintiff.

7.    The events giving rise to this action against Defendants concern, in part, an incident which occurred on or about December 20, 2019 between Plaintiff and certain employees at (Big O Dodge) which concerned Plaintiff's attempts to collect documentation from the dealership which Plaintiff needed for submission to his insurance company.

8.    Prior to December 20, 2019, Plaintiff had other dealings with Mark Chastain, Big O Dodge's service manager, wherein Mr. Chastain refused to honor Big O's warranty on certain repairs that were made on Plaintiff's vehicle.

9.    During the interactions between Plaintiff and Mark Chastain both on and prior to December 20, 2019, Mr. Chastain, as well as other Big O personnel were confrontational, rude, unprofessional, and threatening towards Plaintiff.

10.    During one such incident, one of Big O's owners, Jake Odum, advised Big O employees, who in turn advised Plaintiff, that he had retrieved a firearm from his vehicle and concealed it under his shirt, presumably in the event he elected to use the weapon against the Plaintiff.  Ultimately, Mr. Chastain contacted law enforcement and advised Plaintiff that he would have to sue Big O Dodge in order to get them to perform any of the warranted work.  Plaintiff remained at the dealership until law enforcement arrived and conveyed his version of events to the responding officers.    Subsequently, Plaintiff successfully brought a civil action against the dealership.

4

ELECTRONICALLY FILED - 2021 Apr 20 4:16 PM - GREENVILLE - COMMON PLEAS - CASE#2020CP2300057

11.    On December 20, 2019, Big O personnel, including Mr. Chastain, were again behaving in an unprofessional, rude, and threatening manner towards Plaintiff in response to Plaintiff's simple request for documents.

12.    Plaintiff repeatedly advised Mr. Chastain that he was not there to have a confrontation with him and that Plaintiff did not "want any problems."

13.    Mr. Chastain continued to follow Plaintiff around the office space, position himself close to Plaintiff, argue loudly at Plaintiff, and advise other employees not to assist Plaintiff.

14.    Mr. Chastain became increasingly irate and eventually made racially charged statements directed at the Plaintiff while also aggressively invading Plaintiff's personal space, despite Plaintiff's repeated requests that he stop doing so.  As Mr. Chastain advanced upon Plaintiff, Mr. Chastain accused Plaintiff of being "just a like a black person wanting something you're not entitled to." At that juncture, Plaintiff felt physically threatened and was concerned for his personal safety, and sought to protect himself by striking Mr. Chastain once in order to stop Mr. Chastain from advancing towards him.

15.    Big O employees then grabbed and pushed Plaintiff, and threw Plaintiff's car keys down a hallway.

16.    Once the confrontation became physical, and due to Plaintiff's concerns for his own safety, Plaintiff left the premises in order to avoid any further confrontation or interaction with Mr. Chastain and/or other Big O personnel.

17.    A few days thereafter, Defendants caused a written posting, including Plaintiff's image and identifying Plaintiff by name, to be published on the Greenville Police Department's Facebook page under the heading "Fugitive Friday."

ELECTRONICALLY FILED - 2021 Apr 20 4:16 PM - GREENVILLE - COMMON PLEAS - CASE#2020CP2300057

18.   In the "Fugitive Friday" posting, Defendants identified Plaintiff as a fugitive from the law by posting his name thusly at the head of the posting: "FUGITIVE FRIDAY: ORTAGUS DEMETRICE BENNETT"

19.   Defendants alleged in the posting that Plaintiff was "wanted for two accounts assault and battery in the 3rd degree."

20.   The posting further stated that: "Most recently, [Plaintiff] assaulted an employee at a local car dealership."

21.   The posting also contained a misleading account of other (unproven) charges levied against Plaintiff, and referenced charges that were expunged from Plaintiff's record.

22.   Having stated that Plaintiff was a fugitive from the law and was in fact guilty of having committed the crime of assault, the posting went on to solicit the assistance of the community to assist with the capture of Plaintiff: "Enough is enough!  Anyone with information regarding [Plaintiff's] whereabouts is asked to call Crime Stoppers of Greenville at 23-CRIME (864-232-7463)."

23.   Prior to publicly declaring Plaintiff was a fugitive, Defendants made no effort to contact Plaintiff in order to advise him that a complaint had been filed concerning the incident at Big O's, that Plaintiff was wanted for questioning in connection with the incident at Big O's, or that any active warrants had been issued in connection with the incident.

24.   Plaintiff's own efforts to verify whether a warrant had actually been issued for his arrest were unsuccessful, as neither the Greenville County Warrant Division or the Sheriff's would verify the existence of a warrant when contacted immediately after the incident.

25.   At no point did Defendants leave notice of any kind at Plaintiff's home or businesses, and, on information and belief, Defendants made no attempt to contact Plaintiff directly.

ELECTRONICALLY FILED - 2021 Apr 20 4:16 PM - GREENVILLE - COMMON PLEAS - CASE#2020CP2300057

26.    No efforts were made in this regard despite Plaintiff's contact information being readily available and well known to Big O Dodge as well as the Greenville Police Department.

27.    As soon as Plaintiff learned that Defendants had publicly and falsely declared him a "fugitive," Plaintiff contacted the Police Department to answer the charges.

28.    Despite Plaintiff having "turned himself in" to the police immediately upon learning that he was wanted for questioning in connection with the event at Big O Dodge, the Greenville Police Department refused to remove the "Fugitive Friday" post bearing Plaintiff's image for more than a month, until they were compelled to do so by Order of Judge Samuel Stillwell at a February 10th hearing in a separate matter.

29.    Defendant's caused the "Fugitive Friday" posting to appear on its website less than 72 hours before jury selection in a unrelated criminal case against Plaintiff was set to begin, and caused the posting to remain in place until the date Plaintiff's trial in the separate matter was set to commence.

30.    At the time of the posting, the Greenville Police Department's Facebook Page boasted approximately 50,000 followers.  The post was shared over 100 times and generated nearly 50 comments.

31.    Defendants' published statements in connection with the "Fugitive Friday" positing was false and defamatory in several respects:

      a.    Plaintiff had not at the time of the Fugitive Friday Posting, and has not to date, either admitted guilt or been adjudicated guilty of committing the alleged assault against the dealership employee.  In fact, Plaintiff continues to vehemently defend against the allegations in the pending criminal case on the grounds that he acted in self defense. The statement Defendants Fugitive Friday publish that Plaintiff had "[m]ost recently .

ELECTRONICALLY FILED - 2021 Apr 20 4:16 PM - GREENVILLE - COMMON PLEAS - CASE#2020CP2300057

. . assaulted an employee at a local car dealership" was therefore false and defamatory.

    b.   At the time Defendants published its accusations that Plaintiff was a fugitive from the law, Defendants had made no effort to notify Plaintiff or his about any active warrant having been issued for his arrest, that law enforcement wished to speak with him about the incident, or even that a complaint had been filed in connection with the incident.   Accordingly, the identification of Plaintiff as a fugitive was false and defamatory.

### For a First Cause of Action – Defamation

32.   Plaintiff incorporates each and every allegation set forth hereinabove as if repeated verbatim herein.

33.   On or about December 27, 2019, Defendants published false statements about Plaintiff on Defendant's FaceBook page.  Specifically, Defendants indicated Plaintiff was guilty of having assaulted someone, when in fact no such judicial determination had been made and, in fact, none has been made to date.

34.   Defendants also published the false allegation that Plaintiff was a fugitive on the run from law enforcement and indicated law enforcement needed the assistance of the community in order to capture Plaintiff when, in fact, Defendants had made no efforts to contact Plaintiff directly or through his attorney, in order to get Plaintiff's account of the events or to notify Plaintiff that Defendants were seeking contact with him.

35.   Plaintiff has been damaged by these false statements because the statements subject Plaintiff to hatred, ridicule, distrust, contempt and disgrace.

ELECTRONICALLY FILED - 2021 Apr 20 4:16 PM - GREENVILLE - COMMON PLEAS - CASE#2020CP2300057

36.    Plaintiff has been further damaged by these false statements inasmuch as his ability to conduct business has been adversely affected by the publication, including the loss of certain contracts and the loss of reputation and respect among his colleagues and customers.

37.    Plaintiff has been damaged by these false statements because the statements attribute conduct, characteristics, and conditions incompatible with the proper exercise of Plaintiff's lawful businesses.

### For a Second Cause of Action – Infliction of Extreme Emotional Distress

38.    The allegations herein above are incorporated herein as if repeated verbatim.

39.    Defendants use of an overwhelmingly popular form of social media to falsely label Plaintiff as a violent fugitive from the law whose capture required the cooperative efforts of an entire community, when Defendants' had made little or no efforts to reach out to Plaintiff in order to notify him that law enforcement was seeking an audience with him, was either intentionally designed to cause the Plaintiff as much disruption and discomfort as possible, or the statements were published with an utterly reckless and negligent disregard as to the truth of the published statement.

40.    Defendants' actions in holding Plaintiff up for humiliation and shame in the most public manner available to Defendants, without even an attempt at fairness, justification, or opportunity for Plaintiff to avoid the publication of the false and defamatory materials was so outrageous as to transcend the boundaries of decency.

41.    Plaintiff suffered and continues to suffer extreme emotional distress due to Defendant's acts, including extreme anxiety which makes it difficult for Plaintiff to conduct his daily affairs or interact with family, friends, or colleagues in the same manner as he did before the publications were made.

ELECTRONICALLY FILED - 2021 Apr 20 4:16 PM - GREENVILLE - COMMON PLEAS - CASE#2020CP2300057

**For a Third Cause of Action - (42 U.S.C. 1983: Right to a Fair and Impartial Jury)**

42.    The allegations contained hereinabove are fully incorporated by reference as if repeated herein verbatim.

43.    Defendant's act of placing Plaintiff's image on its Fugitive Friday Facebook Post, stating that was guilty of assaulting the alleged victim, and leaving the post up for nearly month after Plaintiff had presented himself to answer the charges, was intended to and did in fact unfairly and irrevocably taint the potential jury pool available to Plaintiff for trial of any civil or criminal action brought against Plaintiff in connection with the events at Big O' Dodge or any other cases pending in Greenville involving the Plaintiff, in violation Plaintiff's rights to a fair trial before an impartial jury under the Sixth Amendment to the United States Constitution, as well as Article I, Section 14 of the Constitution of the State of South Carolina.

**Prayer For Relief**

**WHEREFORE,** Plaintiff prays for a judgment against Defendants as follows:

i.    Awarding Plaintiff all compensatory damages, including consequential and incidental damages as a result of Defendants' wrongdoing in an amount to be determined at trial.

ii.    Awarding Plaintiff attorney fees and costs.

iii.    Requiring Defendants to make public retraction of the false statements.

iv.    Granting preliminary and permanent injunctive relief to prevent Defendants from making further defamatory remarks.

v.    Granting preliminary and permanent injunctive relief to prevent Defendants from taking other public action with the potential of further tainting the jury pool available to Plaintiff.

vi. Such further relief as the Court may deem just and proper.

Plaintiff prays for jury trial on all issues so triable.

**RESPECTFULLY SUBMITTED**,

April 13, 2021

*/s/ Adrianne L. Turner*

Adrianne L. Turner
PO Box 210638

Columbia, SC 29221
Bar No.: 008640
(803) 467-8687 (phone)

ATTORNEYS FOR PLAINTIFF

ELECTRONICALLY FILED - 2021 Apr 20 4:16 PM - GREENVILLE - COMMON PLEAS - CASE#2020CP2300057